IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY FLETCHER,

    Petitioner,                    No. CIV S-09-1091 DAD P

    vs.

JAMES WALKER, Warden,         <u>ORDER AND</u>

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 judgment of conviction entered in the Sacramento County Superior Court.  Pending before the court are petitioner's motion to amend and motion for a stay and abeyance.

**PROCEDURAL HISTORY**

        On April 21, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus.  On April 30, 2009, the court ordered respondent to file a response to the petition.  On June 24, 2009, petitioner filed a motion for a stay and abeyance and a motion to amend, together with a proposed amended petition.  On June 26, 2009, respondent filed an answer to the petition, and on July 15, 2009, respondent filed an opposition to petitioner's

/////

motion for a stay and abeyance and motion to amend. On August 7, 2009, petitioner filed a reply in support of his motions.

## THE PARTIES' ARGUMENTS

Petitioner argues that the court should grant him leave to amend his petition to add a new claim for ineffective assistance of counsel based upon the alleged failure of his counsel to object to the prosecution's introduction of inadmissible testimony at his trial. Petitioner also argues that the court should grant him a stay and abeyance so that he can exhaust his state court remedies with regard to this claim. Petitioner indicates in a declaration signed under penalty of perjury that he is mentally incompetent, ignorant of the law, and has only been able to bring this new claim before the court with the assistance of a jailhouse lawyer. Petitioner maintains that he does not seek to delay these proceedings by filing the instant motions. He also notes that the Sacramento County Superior Court recently denied his petition for writ of habeas corpus containing his new claim and that he subsequently filed a similar petition in the California Court of Appeal, which was pending at the time he filed the instant motions. (Pet'r's Mot. for Stay & Abey. & Decls., Pet'r's Mot. to Amend, Pet'r's Reply.)

Respondent opposes petitioner's motion to amend and motion for a stay abeyance. Specifically, respondent argues that granting petitioner leave to amend would be futile because his ineffective assistance of counsel claim is unexhausted, and the court cannot entertain a "mixed" petition containing both exhausted and unexhausted claims. In addition, respondent contends that it appears that petitioner is attempting to delay these proceedings after respondent has filed his answer to the pending petition. Moreover, respondent argues that petitioner has not shown good cause to stay these proceedings because, for example, he has not explained how he was able to pursue his exhausted claims but not his new ineffective assistance of counsel claim. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. & Mot. to Amend.)

/////

/////

**DISCUSSION**

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005). See also King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (analyzing the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to "mixed" petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

In this case, petitioner cannot present the ineffective assistance of counsel claim in his proposed amended petition or any other new claims to this court until those claims have been fairly presented to the California Supreme Court. Contrary to respondent's argument, it does not appear that the pro se petitioner seeks to stay these proceedings for an improper purpose. Nor does it appear that petitioner has engaged in abusive litigation tactics or intentional delay. Respondent has filed an answer to the original petition in this action. However, as noted above, petitioner filed his motion for a stay and abeyance and motion to amend before respondent filed

the answer. In addition, according to the California Court of Appeal's website, it appears that the court denied petitioner's exhaustion petition (CO62625) on August 20, 2009. Based on petitioner's diligence in pursuing his new claim, he will presumably file a petition with the California Supreme Court in the near future if he has not done so already. Finally, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice. Accordingly, good cause appearing, petitioner's motion to amend and motion for a stay and abeyance should be granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's June 24, 2009 motion for a stay and abeyance (Doc. No. 9) be granted;

2. Petitioner's June 24, 2009 motion to amend (Doc. No. 10) be granted;

3. Petitioner be ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days;

4. This action be stayed and the Clerk of the Court be directed to administratively close the case;

5. Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

6. Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed second amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
flet1091.sty